**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3558-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID GILLIEN, a/k/a DAVID
WOODS, KHALID DAWSON,
DAVID GILLAN, DAVID GILLENS,
DAVID GILLIAN, and DAVID N.
GILLIANS,

     Defendant-Appellant.

_____

Submitted March 23, 2020 – Decided May 27, 2020

Before Judges Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-05-0043.

Joseph E. Krakora, Public Defender, attorney for appellant (James Daniel O'Kelly, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Kayla Elizabeth Rowe, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant, David Gillien, appeals from the denial of his petition for post-conviction relief (PCR) after an evidentiary hearing. Defendant pleaded guilty to the first-degree crime of leading a narcotics trafficking network, N.J.S.A. 2C:35-3, and was sentenced pursuant to a plea agreement to a twenty-year prison term during which he must serve ten years without parole. Defendant contends his trial counsel rendered constitutionally deficient assistance by failing to tell him that the State had offered a more generous plea deal if defendant agreed to provide cooperation. That offer, according to defendant, would have capped the sentence at sixteen years with an eight-year period of parole ineligibility.

After reviewing the record before us in view of the arguments of the parties and the legal principles that apply to this appeal, we reject defendant's contentions. The PCR court found that the State had not tendered the plea offer that defendant posits. The PCR court's factual finding that no such offer was tendered is fatal to defendant's ineffective assistance claim. The PCR court also found that even if such an offer had been tendered by the State, defendant would not have accepted it because it would have been contingent on defendant's cooperation. Defendant throughout the course of pretrial proceedings was resolute in his refusal to turn against his drug trafficking confederates.

Defendant has thus failed to establish that it is reasonably probable that he would have accepted the hypothesized plea offer.

In view of the PCR court's factual findings, which are supported by substantial credible evidence adduced at the PCR hearing, defendant is unable to satisfy either prong of the two-part test for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668 (1984).

Defendant further contends for the first time on appeal that his PCR counsel also rendered ineffective assistance by failing to present testimony at the PCR hearing from the defense lawyer, Thomas Mirigliano, who appeared at the plea hearing. Defendant contends Mr. Mirigliano was an indispensable witness. Defendant urges us to order a limited remand with instructions that a new PCR counsel be appointed and that the new counsel be provided an opportunity to examine Mr. Mirigliano at a new evidentiary hearing. We decline to grant this relief because defendant has yet to provide a certification from this attorney to show that his testimony would support defendant's petition for PCR.

I.

We need only briefly summarize the relevant portions of the extensive procedural history of this case. Defendant was charged along with twelve others in a forty-count indictment pertaining to organized drug trafficking activities.

A-3558-17T4

On September 13, 2003, defendant entered a guilty plea to the Leader of Narcotics Trafficking Network count pursuant to a plea agreement that provided for a twenty-year sentence with a ten-year term of parole ineligibility.[1] He was sentenced in accordance with the plea agreement. On direct appeal, defendant only challenged the sentence, claiming it to be excessive. After oral argument, we rejected defendant's contention and affirmed the sentence.

In April 2015, defendant filed his first PCR petition claiming that he received ineffective assistance of counsel. The initial PCR judge denied the petition without a hearing. Defendant appealed and filed a motion for a remand claiming that PCR counsel failed to present defendant's claim that his trial attorney did not inform him of a cooperation plea offer. The State did not object to the remand. Accordingly, we dismissed the appeal and ordered a limited remand to allow his claim that the State's plea offer was not communicated to him.

In June 2017, a new PCR judge heard oral argument and ordered an evidentiary hearing to determine whether the State had tendered a cooperation

---

[1] The Leader of Narcotics Trafficking Network offense carries a life sentence during which the defendant must serve twenty-five years without parole. That mandatory minimum sentence may be reduced in accordance with a plea agreement pursuant to N.J.S.A. 2C:35-12.

agreement and, if so, whether counsel had failed to communicate that plea offer to defendant. In November 2017, the court convened the plenary hearing over the course of two days. The court heard testimony from three deputy attorneys general, defendant, and the attorney who supervised the defense team. In January 2018, the PCR court denied defendant's petition in a comprehensive oral opinion and written order.

## II.

Defendant raises the following contentions for our consideration:

POINT I

THIS MATTER SHOULD BE REMANDED BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL.

POINT II

AS PCR COUNSEL FAILED TO COMPLY WITH R. 3:22-6(D), A NEW PCR PROCEEDING IS REQUIRED.

POINT III

THE PCR COURT'S FACTUAL FINDINGS WERE WIDE OF THE MARK, AND NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD.

We begin our analysis by acknowledging the legal principles governing this appeal. Post-conviction relief serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. Ibid. (citations omitted). To sustain that burden, the defendant must allege and articulate facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Defendant's PCR petition raises claims of constitutionally deficient assistance of counsel. Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland. Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was

deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong of the Strickland test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The second prong of the Strickland test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Id. at 694. This prejudice assessment is necessarily fact-specific to the context in which the alleged errors occurred.

As a general proposition, we defer to a PCR court's factual findings "when supported by adequate, substantial and credible evidence." State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros, Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). Deference is especially warranted when the PCR court's factual findings are substantially influenced by the court's ability to hear and see

witnesses. State v. Elders, 192 N.J. 224, 244 (2007) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). In contrast, we review de novo the PCR court's legal conclusions. State v. Nash, 212 N.J. 518, 540–41 (2013) (citing Harris, 181 N.J. at 415–16).

IV.

The gravamen of defendant's PCR petition is that his trial counsel failed to communicate to him that the State had tendered a plea deal that would have capped the sentence at sixteen years in state prison with an eight-year period of parole ineligibility. The decision to plead guilty pursuant to a negotiated agreement rests with the defendant and counsel is obligated to inform his or client of a plea offer tendered by the prosecutor. Missouri v. Frye, 566 U.S. 134, 145 (2012) (imposing upon defense counsel "the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). We do not doubt, therefore, that the failure to comply with this fundamental obligation would, if proven, constitute conduct outside the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

The critical issue raised in this case, however, is not whether counsel has a duty to disclose plea offers to the client. Rather, the critical issue under the

first prong of <u>Strickland</u> analysis is whether the State had in fact tendered a more generous plea offer as defendant contends.

The trial court considered the testimony of three deputy attorneys general who represented the State at various stages of the case, the supervising defense attorney, and defendant himself. The deputy attorney general assigned to the case after plea cut-off appeared to be uncertain whether the State had made such an offer. However, the court heard testimony from the two other deputy attorneys general that any such offer would have been in contravention of the State's escalating plea policy. Under such a policy, plea offers generally become more severe, not more lenient, as the case proceeds. <u>Revised Attorney General Guidelines for Negotiating Cases under N.J.S.A. 2C:35-12</u> (July 15, 2004). Those two deputy attorneys general also testified that the more generous offer that defendant claims was tendered would have required supervisory approval. The deputies testified there was no evidence in the file that such approval was sought or given.[2]

---

[2] We add that when the State's offer to reduce a mandatory minimum sentence pursuant to N.J.S.A. 2C:35-12 is contingent on the defendant's cooperation, the plea agreement should define the cooperation. <u>State v. Gerns</u>, 145 N.J. 216, 229 (1996). We deem it to be especially unlikely that a cooperation agreement extended to the leader of a drug trafficking network would not be documented in the State's file, or that deputy attorneys general assigned to the case would be unaware that such an offer had been formally tendered to defense counsel.

After carefully considering the testimony of all of the witnesses, the PCR judge found that the State never tendered a plea deal of sixteen-years imprisonment with an eight-year parole bar contingent on defendant's cooperation. The judge thus concluded, "neither [defendant's supervising counsel] nor his associate failed to inform the petitioner of a more favorable plea offer in this case." We see no reason to disturb these fact-sensitive findings, which are supported by substantial credible evidence. Harris, 181 N.J. at 415 (quoting Toll Bros, Inc., 173 N.J. at 549); see also Elders, 192 N.J. at 244 (citing Johnson, 42 N.J. at 161) (deferring to factual findings based on a lower court's ability to observe witness testimony).

In view of these findings, defendant cannot establish that counsel was ineffective for failing to disclose a plea offer that the State did not make. We thus agree with the trial court that defendant has failed to satisfy the first prong of the Strickland test.

Furthermore, the PCR court also concluded that even assuming for purposes of argument that a more generous plea offer had been tendered, that offer would have required defendant to cooperate in the prosecution of his codefendant, Dempsey Collins. The court heard testimony that none of the defendants charged in the drug trafficking scheme were willing to testify against

A-3558-17T4

the others. The court found that defendant had consistently been unwilling to cooperate with prosecutors and therefore concluded that defendant would not have accepted a cooperation agreement had it been tendered as defendant claims.[3] In these circumstances, we believe defendant has failed to establish that it is reasonably probable that he would have accepted the cooperation agreement had it been offered. Strickland, 466 U.S. at 694. Accordingly, defendant has not satisfied the second prong of the Strickland test.

V.

Defendant contends the PCR court's findings are "wide of the mark" because his PCR counsel failed to call one of the defense attorneys who might have known about the plea offer defendant claims the State tendered. Thomas Mirigliano was an associate of the law firm that represented defendant before trial. Mirgiliano appeared on defendant's behalf at the plea hearing. Defendant characterizes Mirigliano as an indispensable witness at the PCR plenary hearing

---

[3] We recognize that defendant testified on rebuttal at the PCR hearing that he would have accepted a cooperation agreement from the State had one been offered. The PCR judge was free, of course, to reject that assertion. The court found that "[e]ven if a sixteen with eight years parole ineligibility plea offer was discussed at some point, it was contingent [on cooperation] and [defendant] was unwilling to cooperate."

and contends for the first time on appeal that PCR counsel rendered ineffective assistance by not calling Mirigliano to testify.

We note that when a defendant claims that his or her PCR counsel rendered ineffective assistance, an independent standard of professional conduct applies. See State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). The New Jersey Supreme Court has held:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." Hicks, 411 N.J. Super. at 376 (citing State v. Rue, 175 N.J. 1, 4 (2002)).

Applying that standard, we conclude defendant has failed to establish grounds for a new evidentiary hearing to develop the factual record with respect to Mr.

Mirigliano's knowledge of a possible cooperation agreement. Notably, defendant is obligated to support his argument concerning PCR counsel's ineffectiveness with "affidavits or certifications." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant, however, has not presented an affidavit or certification as to what Mr. Mirgiliano would have said had he been called as a witness at the PCR plenary hearing. Defendant's claim that Mirigliano received a sixteen with eight plea offer from the State and failed to discuss it with defendant is thus mere speculation amounting to little more than a bald assertion that he was denied the effective assistance of PCR counsel. Ibid.

Our task on this appeal is to review the PCR court's ruling in view of the record that is before us. We decline to address whether PCR counsel performed unreasonably in the absence of competent "facts sufficient to demonstrate counsel's alleged substandard performance." Ibid. It is not our place, in other words, to speculate on Mr. Mirigliano's knowledge.

Any arguments raised by defendant that we have not already addressed lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-3558-17T4